UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
H.A., *on behalf of himself and his minor child,*
*G.A.*,
                                      Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION et al.,
                                      Defendants.
------------------------------------------------------------X

21 Civ. 4389 (LGS)

ORDER

WHEREAS, Plaintiffs claim, inter alia, that the State Review Officer ("SRO") improperly remanded Plaintiffs' claims of denial of a Free Appropriate Public Education ("FAPE") under the Individuals With Disabilities in Education Act ("IDEA") for the 2017-18 school year to the Individual Hearing Officer ("IHO") for consideration of additional evidence (the "Remand Proceeding"). Plaintiffs request a stay of the Remand Proceeding until the Court rules on whether the SRO was authorized to remand the matter (Dkt. No. 17).

WHEREAS, the Order, dated July 26, 2021 (Dkt. No. 18), directed the parties to submit letter briefs regarding whether a district court may stay proceedings before the IHO pursuant to the IDEA and the New York Education Law.

WHEREAS, the parties do not cite any authority explicitly stating that a district court may order proceedings before an IHO stayed but instead cite authority stating that a district court has the inherent power to stay matters on its own docket. Although Plaintiffs note that the IDEA grants reviewing courts discretion to fashion equitable remedies following resolution of an appeal of an SRO decision on the merits, the statute does not plainly contemplate a stay of administrative proceedings pending merits review of an appeal. And while Plaintiffs claim that permitting the Remand Proceeding to go forward risks conflicting rulings, the relevant issue in this proceeding is the propriety of the SRO's remand, while the issue in the Remand Proceeding is whether G.A.

was provided a FAPE for the 2017-18 school year.  If Plaintiffs prevail on their argument in this proceeding, then the Court will fashion appropriate relief at that time.

WHEREAS, the parties' letters largely focus on the merits issue of whether the SRO had authority to remand G.A.'s case to the IHO for consideration of additional evidence.  The parties requested that summary judgment briefing in this matter be delayed due to the need for fact discovery on certain of Plaintiffs' claims, which was granted (Dkt. Nos. 17, 18).  The propriety of the SRO's remand will be considered at summary judgment along with Plaintiffs' other claims.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' request for a stay of the remand proceeding is **denied**.

Dated:  August 2, 2021
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**